IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| | : |
| COVENANT PARTNERS, L.P. | : |
| | : |
| DEBTOR | : BANKRUPTCY NO. 14-17568 |
| _____ | |
| GARY F. SEITZ, TRUSTEE | : |
| PLAINTIFF | : |
| V. | : |
| WILLIAM B. FRETZ, JR. AND | : |
| JOHN P. FREEMAN | : |
| DEFENDANTS | : ADV NO. 16-226 |
| _____ | |

# OPINION

By: Stephen Raslavich, United States Bankruptcy Judge.

*Introduction*

Trustee Gary F. Seitz has filed a single count complaint against William B. Fretz, Jr. ("Fretz") and John P. Freeman ("Freeman") (together the "Defendants"). The Defendants filed a single joint answer to the complaint and now move for judgment on the pleadings. The Trustee opposes the motion. A hearing on the matter was held January 11, 2017, after which the Court took the matter under advisement. For the reasons which follow, the Motion will be denied.[1]

*The Cause of Action*

The Trustee seeks damages from Defendants for alleged violation of fiduciary

---

[1] The parties disagree on whether this court has jurisdiction to enter a final order in this matter. *Compare* Complaint ¶ 9 with Answer ¶¶ 8, 9.

duties owed by them to investors in the Debtor limited partnership.[2]

*Grounds for Dismissal*

The Defendants' motion is predicted on F.R.C.P. 12(c)[3]:"[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Under Rule 12(c), judgment on the pleadings will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. *DiCarlo v. St. Mary's Hospital*, 530 F.3d 255, 259 (3d Cir. 2008). In reviewing the grant of a Rule 12(c) motion, the Court must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir.2008) (*quoting Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir.1988)). To the extent that a motion for judgment on the pleadings is based on the theory that the plaintiff failed to state a claim, the same standards that apply to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will apply to that claim. *See, e.g., Revell v. Port. Auth. of N.Y. & N.J.,* 598 F.3d 128, 134 (3d Cir.2010), *cert. denied,* --- U.S. ----, 131 S.Ct. 995, 178 L.Ed.2d 825 (2011).

---

[2] N.B. A good deal of factual background relevant to this adversary proceeding is to be found in the documents of record in adversary proceeding #14-685. The Court incorporates those in their entirety herein, as opposed to selecting among them or providing a synopsis, either of which approach might inadvertently result in the exclusion of something of importance. The reader accordingly is directed to the record in adversary proceeding #14-685 for an unexpurgated history of that litigation.

[3] Made applicable to adversary proceedings by B.R. 7012(b).

*Defendants' Arguments*

Defendants assert six reasons why the Complaint and their Answer, standing alone, establishes their entitlement to judgment, either in whole or in part. They argue as follows:

1. The Complaint fails to state a claim for breach of fiduciary duty;

2. The Complaint fails to state a claim because the estate has already been compensated for the claims stated;

3. The Trustee's claims are time-barred;

4. The Trustee's claims are barred by the doctrine of *in pari delicto*;

5. The Trustee's claim for recovery of attorney's fees is precluded by the "American Rule;" and

6. A violation of fiduciary duties does not give rise to a claim for punitive damages under Delaware law.

The Court will address these arguments in turn. As will be discussed, three of them fail as a matter of law. The remaining three could later prove to have merit, but they are interposed prematurely and Defendants cannot satisfy the applicable evidentiary standard for the summary disposition they seek.

*1. Existence of Fiduciary Duty*

An operative premise of the Trustee's case is that the Defendants owed fiduciary duties to the Debtor's limited partners. The Defendants contested this fact at the January 11, 2017 hearing and in their moving papers.

The Court finds this somewhat puzzling inasmuch as the obligation is admitted at Paragraph #172 of the Defendants' Answer. Still, the Defendants argue

3

herein that because the Debtor is a Delaware partnership, and because Delaware partnership law permits partners to waive fiduciary duties[4] *see* Motion 7, n.35; Transcript (Tr.) 5, the Complaint is defective. Specifically, they say the Complaint lacks any indication as to whether fiduciary duties were waived.

The Court dismisses this argument. A plaintiff is not required to plead negative facts in order to anticipate an adversary's defense. *See Vista Corp. v. Sproqit Technologies, Inc.*, 360 F.Supp.2d 1064, 1070 (N.D.Cal. 2005). If Defendants contend that the partnership waived the duties in question, then they can press the point in the context of a motion for summary judgment. This ruling does not foreclose them that right. That said, the Court notes that notwithstanding the acknowledged right to modify or waive fiduciary duties under Delaware Partnership Law, the same law also <u>expressly</u> provides that no exercise of such right may eliminate the implied contractual covenant of good faith and fair dealing:

> (d) To the extent that, at law or in equity, a partner or other person has duties (including fiduciary duties) to a limited partnership or to another partner or to another person that is a party to or is otherwise bound by a partnership agreement, the partner's or other person's duties may be expanded or restricted or eliminated by provisions in the partnership agreement; provided that the partnership agreement may not eliminate the implied contractual covenant of good faith and fair dealing.

6 Del.C. § 17-1101

The misdeeds alleged herein would certainly run afoul of the above preserved covenants despite any attempt to insulate them from challenge. The Court will

---

[4] See 6 Del. C. §17-1101(d).

4

nevertheless analyze the pleadings apart from the above seemingly dispositive caveat. In this regard, the Court's inquiry must determine 1) whether the Complaint pleads specific fiduciary duties; 2) whether it alleges that the Defendants owed those duties; and 3) whether it alleges that they breached those duties. In these respects the Complaint passes muster:

*A) Fiduciary Duties and Delaware Limited Partnerships*

The parties agree that the Debtor is a limited partnership formed in Delaware. Complaint and Answer ¶ 11, Mot. n.27; Resp. 11 The duties ascribed to partners of Delaware limited partnerships are those which apply to general partnerships formed in that state:

> [ ] Except as provided in this chapter or in the partnership agreement, *a general partner of a limited partnership has the liabilities of a partner in a partnership that is governed by the Delaware Uniform Partnership Law in effect on July 11, 1999 (6 Del. C. § 1501 et seq.) to the partnership and to the other partners.*

6 Del. C. § 17-403(b). The Delaware Uniform Partnership Law recognizes two general categories of fiduciary duties: loyalty and care.[5] 6 Del C. § 15-404(a); *TVI Corp. v. Gallagher*, 2013 WL 5809271, at *13 (Del.Ch. Oct. 28, 2013). Those two duties are defined by statute:

> (b) A partner's *duty of loyalty* to the partnership and the other partners is limited to the following:
>
> (1) To account to the partnership and hold as trustee for it any property, profit or benefit derived by the partner in the conduct or winding up of the partnership business or

---

[5] There is technically yet another duty, the duty to act in good faith, but that duty is already subsumed in the duty of loyalty. *Stein ex. rel. Amsouth Bancorp. v. Ritter*, 911 A.2d 362, 370 (Del. 2006).

5

> affairs or derived from a use by the partner of partnership property, including the appropriation of a partnership opportunity;
>
> (2) To refrain from dealing with the partnership in the conduct or winding up of the partnership business or affairs as or on behalf of a party having an interest adverse to the partnership; and
>
> (3) To refrain from competing with the partnership in the conduct of the partnership business or affairs before the dissolution of the partnership.
>
> (c) A partner's *duty of care* to the partnership and the other partners in the conduct and winding up of the partnership business or affairs is limited to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law.

6 Del C. § 15-404(b), (c); *see also Gotham Partners LP v. Hallwood Realty Partners LP*, 2000 WL 1476663, at *10 (Del.Ch. Sept. 27, 2000)(stating that the general partner of a Delaware limited partnership owes the duties of care and loyalty to the limited partners)

Having determined that partners owe fiduciary duties to limited partners under Delaware law, the Court examines the complaint to ascertain its allegations that the Defendants are, in fact, partners. This entails an analysis of the Debtor's rather complex ownership structure. As a limited partnership, the Debtor must have among its partners a general partner. 6 Del. C. § 17-201(a)(3). The Complaint identifies Covenant Capital Management LP (CCM LP) as the Debtor's general partner. ¶ 12. Yet, because CCM LP is itself a limited partnership, it also must have a general partner of its own. The general partner of CCM LP is identified as Covenant

Capital Management, Inc. (CCM Inc.) *Id*. CCM Inc., in turn, is alleged to be owned and controlled by the Defendants, Fretz and Freeman. *Id*. As the individuals who control the general partner of the limited partnership which is the general partner of the Debtor, Fretz and Freeman owed fiduciary duties to the Debtor's limited partners. *See Lewis v. Aimco Properties*, L.P., 2015 WL 557995, at *5 (Del.Ch. Feb. 10, 2015) (individuals and entities who control general partner owe to the limited partners a duty of loyalty.); *Lake Treasure Holding, Ltd v. Foundry Hill GP, LLC*, 2014 WL 5192179, at *10 (Del Ch. Oct. 10, 2014) (same). The Court thus turns to the separate question of whether the Complaint alleges a breach of duty on their part.

    B) Duty of Loyalty

Under the duty of loyalty, fiduciaries must avoid financial or other cognizable fiduciary conflicts of interest. *Stein ex rel, supra*, 911 A.2d at 370. The Complaint alleges that Fretz and Freeman breached this duty when they diverted investor funds to another company they controlled because it was ailing financially. ¶ 173(f). It is also alleged that the Defendants paid themselves bonuses when the partnerhip's performance did not meet prescribed benchmarks. ¶ 173(g). This conduct would, if proven, support a finding of fiduciary disloyalty. *See QC Commun. v. Quarterone*, 2014 WL 3974525, at *8 (Del. Ch. Aug. 15, 2014) (finding breach of loyalty by officer diverting funds to another company controlled by him); *see also Valeant Pharm. Intern. v. Jerney*, 2007 WL 2813789, at *11 (Del. Ch. Mar. 1, 2007)

7

(holding that director breached fiduciary duty of loyalty for paying himself a bonus for corporate restructuring later aborted).

### C) Duty of Care

The foregoing allegations also sufficiently allege a breach of the fiduciary duty of care. This duty entails the management of the company with the "care which ordinary, careful, and prudent persons would use in similar circumstances." *In re Walt Disney Co. Deriv. Litig.*, 907 A.2d 693, 749 (Del. Ch. 2005) *aff'd* 906 A.2d 27 (Del.Ch. 2006). Implicated here is the business judgment rule which presumes that a "director's business judgement is made on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Reliance Sec. Litig.*, 91 F.Supp.2d 706, 732 (D.Del.2000). The allegations of misconduct herein; to wit, diversion of investor funds and payment of unearned performance fees, if proven, would be indefensible. They would hardly be in the Debtor's best interest and, *a fortiori* would constitute a separate fiduciary violation. *See Leslie v. Telephonics Office Technologies, Inc.*, 1993 WL 547188, at *11 (Del. Ch. Dec. 30, 1993) (finding that plaintiff stated a breach of duty of care when directors issued stock to themselves as nothing more than a diversion of corporate assets); *see also MCG Capital Corp. v. Maginn*, 2010 WL 1782271, at *17 (Del. Ch. May 5, 2010) (finding that director breached duty of care by not investigating propriety of payment of bonus).

8

In sum, the Court finds that the Complaint adequately states claims for breach of fiduciary duty.

## 2. Double Recovery

The Defendants' second challenge to the complaint implicates the jurisprudential proscription against double recoveries. Defendants maintain that by settling an earlier lawsuit, the Trustee obtained for the estate full compensation for the harms alleged in this litigation.[6] Mot., 8. To allow this suit to continue, they insist, would potentially allow the Trustee to recover twice on the same claims. *Id*.

The Court rejects the premise of this argument. The harm that was the basis of the Trustee's earlier suit is not the only allegation of harm attributed to the Defendants. In addition to the gratuitous stock transfers at issue in the earlier lawsuit, Fretz and Freeman are also alleged to have diverted $1.1 million of investor funds to another company which they controlled. In addition, they are alleged to have paid themselves performance fees when they should not have. This is conduct and harm distinct from improper stock transfers. Defendants ignore this important qualitative distinction, and the fact that damages flowing from the latter conduct remain unrecompensed. Accordingly, the Trustee may press those claims herein.[7]

---

[6] The aforedescribed Adv. Proc. 14-685.

[7] At the hearing, Defendants' counsel conceded that the Trustee is not seeking recovery of the Pet360 stock from his client. Tr. 2-3 The Trustee reached a resolution of his claims against the Frorer Defendant for that stock and the court approved that settlement in August 2016. At the time the Trustee filed this complaint, (July 2016) the claims against Frorer remained pending.

9

*3. Statute of Limitations*

Defendants' maintain that the complaint is time-barred. Affirmative defenses such as a statute of limitations may be considered on a Rule 12(c) motion, but only where the defense is clearly established and no questions of fact exist. *Inst. for Scientific Info., Inc. v. Gordon and Breach, Science Publishers, Inc.*, 931 F.2d 1002, 1007 (3d Cir. 1991). Defendants observe that under Delaware law the statute of limitations for breach of fiduciary duty claims is 3 years. *See* 10 Del. C. § 8106(a). The three years begins to run at the time the cause of action accrues and regardless of whether the plaintiff is aware of the harm. Mot., 8. In the case of the alleged diversion of investor funds, the related acts are said to have occurred during the years 2008 to 2012. (¶¶ 141-152). The payment of alleged unearned performance fees is alleged to have occurred in 2009 and 2010. (¶¶ 161, 162); Mot., 9. Other things being equal, the commencement of this lawsuit in July 2016 would make the claims stale. *Id*, 9-10.

The Trustee responds, first, that the limitations period may be tolled in cases where the fiduciary actively concealed the wrongdoing, or where the plaintiff could not have known of the violations until after time has run out; second, the Trustee argues that as a factual matter he and the Defendants entered into a tolling agreement which extended the statutory period until March 24, 2017; and third, the Trustee argues that a ruling on a limitations challenge at the pleadings stage would be premature. Resp., 18-20; Tr. 9. The Trustee has the better part of this argument.

10

Where there is a question of the timeliness of a claim involving a debtor based on applicable nonbankruptcy law, § 108 is implicated. That section provides, in pertinent part:

> (a) *If applicable nonbankruptcy law*, an order entered in a nonbankruptcy proceeding, or an agreement *fixes a period within which the debtor may commence an action*, and such period has not expired before the date of the filing of the petition, the *trustee may commence such action* only before the later of--
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) two years after the order for relief.

11 U.S.C. §108(a) (emphasis added). At a minimum, a trustee has two years from the petition date to file claims based on applicable nonbankruptcy law; that is, unless those claims had expired prepetition. *See also In re National Forge Co.,* 344 B.R. 340, 375 (W.D.Pa.2006) (stating that although 11 U.S.C. § 108(a) can extend the limitations period in favor of a trustee for up to two years, this extension does not apply when the limitations period has expired prior to the commencement of the bankruptcy case).

As to the claim of misapplied investor funds, the Complaint alleges the misconduct to have occurred from 2008 through 2012. (¶¶ 141-158). Given that the bankruptcy was filed on September 19, 2014, the three year statute of limitations of period applicable to such misconduct had not run out on the petition date. Therefore the Trustee had two years from the petition date to file a complaint as to the diversion of funds. *See* 11 U.S.C. § 108(a)(2). The Complaint was filed on July 18,

2016, making it timely. *See, e.g., In re Walnut Leasing Co., Inc.,* 1999 WL 729267, at *6 (E.D.Pa.1999) (claims timely under § 108(a) when filed within two years of voluntary petition).

The same cannot be said as to the claim for alleged unearned performance fees. The fees are alleged to have been paid during the years 2009 and 2010. (¶¶ 159-163). That time period is more than three years prior to the petition date and thus beyond the applicable statute of limitations. On its face, that claim is time-barred. *See In re Reading Broadcasters, Inc.*, 390 B.R. 532, 552 (Bankr.E.D.Pa. 2008) (explaining that if a claim is barred prepetition by the relevant statute of limitations, a later bankruptcy filing does not resurrect that claim).

The Trustee, however, asserts that equitable considerations warrant tolling of the deadline to sue. Resp. 18-19. He maintains that Fretz and Freeman were the only persons who would have known of the alleged misconduct. He stresses that the two made all decisions regarding management and use of the Debtor's assets, exerted complete control over them, and were the Debtor's only officers. *Id*. 19. Their alleged misconduct, says the Trustee, could not have been known by anyone else until after the Defendants were divested of control. *Id.*

In such circumstances Delaware law recognizes a "discovery rule" which relaxes statutes of limitations. The time period may be tolled for a plaintiff "where the injury is 'inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained of.'" *Wal–Mart Stores, Inc. v. AIG Life Ins. Co.,*

12

860 A.2d 312, 319 (2004). "The statute will begin to run only upon the discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts." *Id.* The statute of limitations also will be tolled if the Defendants fraudulently concealed acts and/or omissions that give rise to the claim. *See, e.g., EBS Litig. LLC v. Barclays Global Investors, N.A.,* 304 F.3d 302, 305 (3d Cir.2002)(applying Delaware law); *see also In re Fruehauf Trailer Corp.,* 250 B.R. 168, 186 (D.Del. 2000) (stating that fraudulent concealment can encompass either "[1] the commission of affirmative acts of misrepresentation or [2] failure to disclose facts when there is duty to disclose" citing *Litman v. Prudential–Bache Properties, Inc.,* 1994 WL 30529, *4 (Del.Ch.1994)).

The Debtor's offering circular discusses criteria for an award of performance fees. ¶ 159. The Trustee maintains that while there were unrecouped losses, Defendants improperly awarded themselves bonuses in the amount of $592,000. The complaint does not state whether this fact was undisclosed to the Debtor's limited partners, however non-disclosure can reasonably be inferred from other allegations. For instance, attached as Exhibit A to the Complaint is an SEC Offer of Settlement with the Debtor. It states therein that for the relevant time period, the Debtor failed to provide its investors with audited financial statements despite being expressly required to do so. Had that information been provided, limited partner investors might have been alerted to the award of unearned fees. In sum,

13

the pleadings are inconclusive as to whether the Debtor's limited partners were deceived as to the payment of performance fees. However, resolving any doubt in favor of the non-movant, as required, the Court at this juncture cannot declare the performance fee claim time-barred.

*4. In Pari Delicto*

This challenge is based in part on the settlement which the Trustee reached with the SEC over the agency's claim in this Bankruptcy case. The Defendants maintain that because of the settlement any recovery against them in this proceeding is barred. Mot. 10 They advance two arguments in support. Initially, Defendants revisit the "double recovery" analysis. As already discussed, the Court finds the premise of the argument is flawed. The Trustee's Complaint is not based on the SEC claim, or on improper stock transfers. This litigation is about the alleged misappropriation of investor funds and improper bonus payments. It is true that this alleged misconduct formed a part of the basis on which the SEC charged the Defendants with violating Federal securities law. It is likewise the basis upon which the Trustee accuses the Defendants of violating Delaware fiduciary law. In settling with the SEC, the Trustee agreed that the agency would have an allowed general unsecured claim of $5.8 million against the Debtor in this Bankruptcy case; however, the Trustee did not receive an affirmative recovery in exchange. Having previously clawed back the improper stock transfer from the transferee, the Trustee now seeks monetary damages against the Defendants for the separate wrongdoing

alleged herein. Accordingly, the Court again finds Defendants' contention that the Trustee is attempting to obtain a second recovery on the same claim to be without merit.

That aside, the Defendants contend that the Trustee lacks standing because he is vicariously liable for their alleged misdeeds. They maintain that the effect of the settlement with the SEC is to impute the Defendants' wrongdoings to the Debtor and, thereby, to the Trustee. Under the doctrine of *in pari delicto* a "plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim." *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.,* 267 F.3d 340, 354 (3d Cir.2001) citing *Feld & Sons, Inc. v. Pechner, Dorfman, Wolfe, Rounick & Cabot,* 312 Pa.Super. 125, 458 A.2d 545, 548 (Pa.Super.Ct.1983). Delaware recognizes the doctrine of *in pari delicto. Stewart v. Wilmington Trust SP Services, Inc.*, 112 A.3d 271, 301 (2015).

The Trustee's response is that the doctrine may only be invoked by a defendant who is an innocent third party. The doctrine is inapplicable, he says, to a defendant who is an insider. Further, he argues, it is equally unavailable to the defendant who is a fiduciary. Resp. 16-18. The Court agrees.

The law clearly recognizes an exception to the doctrine of *in pari delicto* when it is raised as a defense to a claim for breach of fiduciary duty. *Stewart, supra*, 112

15

A.3d at 304. Accordingly, the Defendants request for judgment based on this defense will be denied.[8]

### 5. Attorney's Fees

The Trustee requests an award of reasonable attorney's fees. *See* Complaint. The Defendants maintain that there is no authority for such an award. They rely on the well-known "American Rule" which, generally speaking, requires that each litigant pay its own attorney's fees. Mot., 15. The Trustee counters that reliance on the American Rule is misplaced. He argues that the estate is entitled to be compensated for the incurring of expenses necessary to make it whole, because the expenses were incurred as a result of the Defendants' misconduct. Resp., 14. Included among those expenses, he says, are $2.5 million in legal fees incurred to date. Tr. 7.

The court agrees that the American Rule is applicable, but not necessarily for the reasons advanced by the Defendants. Their reliance on the Supreme Court's decision in *Asarco*[9] is misplaced because that case was based on facts specific to bankruptcy case administration (compensation of professionals under § 330). The instant dispute is based on applicable nonbankruptcy law; to wit, the Delaware law of partnership and fiduciary responsibility. That said, Delaware common law also

---

[8] At the pleadings stage, the doctrine is treated as an affirmative defense. *Offic. Comm. Unsecured Creditors v. Credit Suisse First Boston (In re Exide Technologies)*, 299 B.R. 732, 752 (Bankr.D.Del.2003).
[9] *Baker Botts LLP v. Asarco, LLC* 135 S.Ct. 2158 (2015).

16

follows the American Rule with regard to fee-shifting. *See McNeil v. McNeil*, 798 A.2d 503, 514 (Del. 2002).

However, Delaware law recognizes certain exceptions to the American Rule. These typically involve a statute, court rule, or a contractual provision. *See Great American Opportunities, Inc. v. Cherrydale Fundraising, LLC*, 2010 WL 338219, at * 29 (Del. Ch. Jan. 29, 2010) (awarding attorney's fees under Delaware Uniform Trade Secrets Act); *see* Del. Ch. Ct. R. 11(c) (sanctioning for violations of pleadings and motions rule); and *see Ivize of Milwaukee LLC v. Complex Litig. Support LLC*, 2009 WL 1111179 at * 4 (Del. Ch. Apr. 27, 2009) (awarding fees pursuant to term in asset purchase agreement). In addition to these, there also exists an exception where a plaintiff has been forced by a defendant's tortious conduct to bring (or defend) suit against a third party in order to protect its interests:

> (2) One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.

Restatement (Second) of Torts § 914(2) (1979); *see also Ramada Inns, Inc. v. Dow Jones & Co., Inc.*, 543 A.2d 313, 331 (1987); *Paron Capital Management, LLC v. Crombie*, 2012 WL 2045857, at **8-9 (Del.Ch. May 22, 2012). Because the American Rule is not without exceptions potentially applicable in this litigation, and because it cannot be determined from the pleadings alone whether an exception applies, the

Court cannot foreclose the Trustee's right to recover the legal fees at issue and accordingly denies this aspect of Defendants' Motion.

*6. Punitive Damages*

Lastly, Defendants oppose the Trustee's request for an award of punitive damages. The Trustee has alleged that the conduct of the Defendants was "willful, malicious, and outrageous," and on that basis claims an entitlement to exemplary relief. ¶ 170. Defendants maintain that punitive damages cannot be awarded for violations of fiduciary duties under either statutory or common law. Neither, they add, does the Bankruptcy Code's general equitable power in § 105 allow for such relief. Mot., 17.

The Trustee contends that Defendants misstate the law. He maintains that pertinent case law does not state that punitive damages are never awarded for violations of fiduciary duty. Indeed, the Trustee argues that the case on which the Defendants rely for this proposition says differently.[10] The *Kuttner* decision says the Trustee, holds that the Delaware Chancery court does not historically award punitive damages in general in these cases because it is a court of equity. Resp. 20; Tr. 10.  Other Delaware legal fora may award exemplary relief where the violation is found to be "willful or outrageous." Resp. 21.

Under Delaware law, punitive damages are recoverable "in situations where the defendant's conduct, though unintentional, has been particularly reprehensible,

---

[10] *Hampshire Group, Ltd, v. Kuttner*, 2010 WL 2739995 (Del. Ch. July 12, 2010)

18

*i.e.* reckless, or motivated by malice or fraud," *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 529 (Del. 1987) or where the defendant's conduct "exhibits a wanton or willful disregard for the rights of the plaintiff." *Cloroben Chem. Corp. v. Comegys*, 464 A.2d 887, 891 (Del. 1983). A defendant's conduct is willful or wanton when it reflects a "conscious indifference" or an "I don't care attitude." *Id*. Determining whether a defendant's conduct justifies an award of punitive damages is typically a question for the jury to decide. *See Brown v. United Water Del. Inc.*, 3 A.3d 272, 276 (Del. 2010) ("Ordinarily, questions of gross negligence and willful or wanton conduct are for the jury and are not susceptible to summary adjudication."). However, "[w]hen the Court construes the facts most favorably for the plaintiffs and the evidence permits no reasonable inference that a defendant's conduct is sufficiently outrageous to warrant imposition of punitive damages, summary judgment on punitive damages is appropriate." *Black v. Chromascape, Inc.*, 2016 WL 6087103, at *1 (Del. Super. Ct. Aug. 9, 2016) quoting *Greenlee v. Imperial Homes Corp.*, 1994 WL 465556, at *9 (Del. Super. July 19, 1994).

   Once again, giving the Trustee benefit of the favorable presumption which the law requires, the Court cannot say the Defendants' alleged misconduct could never support an award of punitive damages. The misdeeds alleged are set forth in great detail. If proven, a fact finder could conclude that they demonstrate a disregard of the duties owed to limited partners such as might justify an award of punitive

19

damages. At this stage of the proceeding, therefore, the Court cannot rule out the possibility of an exemplary award.

*Summary*

For the foregoing reasons, the Defendants' Motion for Judgment on the Pleadings will be denied.

An appropriate Order follows.

> By the Court:
>
> _____
> Stephen Raslavich
> United States Bankruptcy Judge

Dated: March 2, 2017