# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| COVENANT PARTNERS, L.P. | : |
| DEBTOR | : BANKRUPTCY NO. 14-17568 |
| GARY F. SEITZ, TRUSTEE | : |
| PLAINTIFF | : |
| V. | : |
| WILLIAM B. FRETZ, JR. AND JOHN P. FREEMAN | : |
| DEFENDANTS | : ADV NO. 16-226 |

## OPINION

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

Before the Court is Defendants' Motion for Reconsideration of this Court's March 2, 2017 Opinion and Order denying their Motion for Judgment on the Pleadings. The Trustee opposes the motion. For the reasons which follow, the Motion will be denied.[1]

*Legal Standard*

"A motion for reconsideration is governed by Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 59(e) made applicable in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9023." *In re Norley*, 2002 WL 1752280, at *1 (Bankr.E.D.Pa.

---

[1] The parties disagree over whether this court has jurisdiction to enter a final order in this matter. *Compare* Complaint ¶ 9 with Answer ¶¶ 8, 9.

June 24, 2002). "Regardless how it is styled, a motion filed within [fourteen][2] days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the judgment under Rule 59(e)." *Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir.1985). See also 12 *Moore's Federal Practice* §60.03[4] (Matthew Bender 3d ed.) citing *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166-67 (7th Cir. 1995) ("The time of a motion's … [filing] controls whether a motion challenging the judgment is a 60(b) or 59(e) motion.  Such a motion, if … filed within [14] days of a final judgment, is a 59(e) motion."). Defendants' motion was filed within the fourteen day time frame and will accordingly be judged under Rule 59(e).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *In re Wile*, 310 B.R. 514, 516 (Bankr.E.D.Pa.2004) *citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). "[A] Rule 59(e) motion allow[s] the court to reevaluate the basis of its decision.... Motions for reconsideration are not at the disposal of an unsuccessful party to "rehash" the same arguments and facts previously presented." *Keyes v. National Railroad Passenger Corporation*, 766 F.Supp. 277, 280 (E.D.Pa.1991); *see also Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa.1993), *aff'd in part, rev'd in part on other grounds*, 57 F.3d 270 (3rd Cir.1995). "[W]hatever may be the purpose of Rule 59(e) it ... [was not] ... intended to give the unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va.1977). "Federal courts should grant such motions sparingly because of their strong interest in finality of judgment." *Selaras v. M/V*

---

[2] In 2009, the Rule's deadline was extended from ten to fourteen days.

*Cartagena de Indias*, 959 F.Supp. 270, 272 (E.D.Pa.1997) *quoting Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D.Pa.1995).

*Bases for Reconsideration*

The Defendants cite three alleged errors in the Court's denial of their motion for judgment on the pleadings:

1. Incorporating the factual background of an action the Trustee brought against other defendants (Adv. No. 14-685, *Seitz, Trustee v. Tripartite, et al.*).

2. Allowing the Trustee to equitably toll the statute of limitations on behalf of the Debtor's limited partners.

3. Citing an exception to the American Rule regarding recovery of legal fees from the Restatement of Torts.

*Background from*
*Tripartite Litigation*

Defendants' first argument is that the Court considered extraneous material in its ruling against them. Specifically, they contend the Court wrongly incorporated the pleadings in Adversary Proceeding No. 14-685, *Trustee v. Tripartite LLC, et al*, Def. Memo. 4-5. The Trustee counters that reference to that litigation was incidental. The Court agrees. While the case against Tripartite shared some facts with the case against the Defendants, no part of the ruling in that case was relied upon by the Court in denying the Defendants' motion.

On the contrary, the Court's conclusion was based solely on the two pleadings filed in this adversary proceeding. It did not rely upon the evidence or pleadings from the suit against Tripartite, et al. The reference to the earlier case was made—in a footnote—solely for exposition, efficiency and the edification of persons other than the parties and the Court. This adversary proceeding—like the suit brought against

3

Tripartite—is part of a larger Chapter 7 case of almost three years duration. Rather than recounting the lengthy case history for persons already acquainted with it, the Court directed the unfamiliar reader elsewhere for background. The Court considered this the most efficient use of judicial resources but, most importantly for present purposes, doing so played no part in the denial of Defendants' motion.

*Equitable Tolling*

The Defendants' second ground for relief implicates standing, albeit indirectly. Defendants say the Court erred when it "determined that the Trustee may toll the Statute of Limitations based on possible claims held by the Limited Partners." Def. Br., 6. The right to toll an applicable limitations period, they say, applies only to the plaintiff. *Id.* By this they appear to imply that only the Debtor's Limited Partners, and not the Trustee, have standing to bring the instant claims.

This argument is factually and legally incorrect. As a factual matter, the Court did not make final findings regarding the statute of limitations, or why limited partners did not file suit themselves. The Court found only that, while the claim for improper bonus payments might appear from the pleadings to have been filed out of time, the pleadings likewise demonstrated the possibility that equitable tolling of the deadline could be warranted. The ultimate answer to the question was deferred to summary judgment or trial. A ruling on the limitations question in the context of Defendants' motion would have been premature.

Moreover, as a substantive matter Defendants' argument reflects misunderstanding of who may be a plaintiff in a derivative suit brought in a bankruptcy proceeding. Because the alleged misconduct harmed all of the Debtor's Limited

4

Partners, any recovery on those claims would be shared by all of them, making the claim derivative. *See Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del.2004) (stating that the test for derivative versus direct suit requires answering two questions: (1) who suffered the alleged harm; and (2) who would receive the benefit of any recovery or other remedy).[3] Standing to bring a derivative action on behalf of a Delaware limited partnership is vested in an entity who is a partner at the time of the transaction of which the plaintiff complains. 6 Del. C. § 17-1002. That is typically understood to mean the general partner of the limited partnership; however, if the general partner refuses to sue, then a limited partner may be the plaintiff. 6 Del C. § 17-1001. Such a refusal may safely be assumed in this proceeding as the general partners are the alleged wrongdoers. Had there been no bankruptcy, the limited partners would of course have been proper plaintiffs.

Upon the filing of a bankruptcy case, however, that ceased to be the case. The commencement of a case under Title 11 creates an estate. 11 U.S.C. § 541(a). That estate consists of the debtor's interest in property. *Id.* § 541(a)(1). Among such interests are lawsuits of the type alleged in this proceeding. *See* Bankruptcy Schedules, Official Form 106, Part 4, Claims against third parties. Such interests are to be liquidated by the Chapter 7 Trustee. 11 U.S.C. § 704(a)(1). Thus, it is the Trustee who has standing to liquidate the claims of breach of fiduciary duty against the Debtor's general partners. *See In re Scott Acquisition Corp.*, 344 B.R. 283, 290 (Bankr.D.Del. 2006) (holding that Trustee has standing to recover for derivative, general injuries)

---

[3] A limited partnership's derivative action is a statutory descendant of the corporate derivative action. *In re El Paso Pipeline Partners, L.P. Derivative Litigation*, 132 A.3d 67, 89 (2015)

5

The quality of the Trustee's standing is no different from that which the Debtor's limited partners would have had outside of bankruptcy. If an applicable statute of limitations passed prior to the petition date the bankruptcy filing does not extend that deadline for the trustee. See 11 U.S.C. § 108(a). However, in such case a trustee may look to whether equitable circumstances explain why the statute ran without suit having been brought. Delaware Chancery law recognizes a "discovery rule" which allows for tolling an applicable limitations period. A trustee in bankruptcy may avail himself of that rule when equities allow. See In re KNH Aviation Services, Inc., 549 B.R. 356, 365-66 (Bankr.D.S.C. 2016) (applying Delaware law discovery rule in determining whether Trustee's suit was time barred). As previously noted, it would be premature to resolve this issue at this stage of this litigation.

*Legal Fees*

Defendants' final assertion of error pertains to the Trustee's claim for legal fees. That claim, they maintain, is precluded by the "American Rule" which requires that each litigant pay its own costs. In its opinion the Court recognized this, but noted that there is potentially available an exception to that rule such that the preemptory denial of a claim for attorney's fees would be premature. Defendants claim this ruling was erroneous, and argue that the Court relied on an inapposite provision of the Restatement of Torts. Def. Memo. 9-10.

The premise of Defendants' argument is incorrect. Fiduciary duties sound in tort and arise out of common law, regardless of corporate form. See In re Rural Metro Corp., 88 A.3d 54, 98 (Del. Ch. 2014) ("A breach of fiduciary duty is an equitable tort,"), decision clarified on denial of reargument sub nom. In re Rural Metro Corp.

*Stockholders Litig.* (Del. Ch. Mar. 19, 2014); *Harrison v. Dixon*, 2015 WL 7578919, at *4 (Del. Ch., Feb. 20, 2015); *Long v. Lowe's Companies, Inc.*, 2017 WL 1217155, at *7 (D. Or. Mar. 29, 2017)(applying Delaware substantive law).

Defendants nevertheless insist that under Delaware law a claim for breach of fiduciary duty is not a tort claim. They say that the Delaware Supreme Court has specifically stated that a tort action does not control a claim for breach of fiduciary duty. Def. Memo. 9 quoting *Cede & Co., Inc. v. Technicolor, Inc.*, 634 A.2d 345 (De. 1993). The Court disagrees.

The language relied on by Defendants has been taken out of context. *Cede* involved a shareholder suit against directors for breach of the duty of care. The Chancery Court found in favor of the directors and the shareholders appealed. In reversing the Chancery Court, the Delaware Supreme Court identified error in the Chancery Court's reliance on certain case law. The Supreme Court's discussion of that case law is the source from which Defendants found language which purportedly suits their purpose:

> The Chancellor's reliance on Barnes is misguided. While *Barnes* may still be "good law," Barnes*, a tort action, does not control a claim for breach of fiduciary duty.* In Barnes*,* the court found no actionable negligence or proof of loss—and granted defendant's motion for a nonsuit or grant of judgment for defendant on the merits. Here, the court was determining the appropriate standard of review of a business decision and whether it was protected by the judicial presumption accorded board action. The tort principles of Barnes have no place in a business judgment rule standard of review analysis.

*Cede*, *supra*, 634 A.2d at 370 [emphasis added].

7

Defendants excised the above italicized words to support the proposition that a fiduciary breach is not a tort and that a tort action can never control a claim for breach of fiduciary duty. As mentioned, however, the emphasized language is taken *out* of context. When read *in* context, one can see that the Supreme Court is not saying that a breach of fiduciary duty claim is not a tort; merely that the Chancery Court erred when it relied on *Barnes*.[4] The *Barnes* decision is inapposite, it goes on to explain, because that decision involved a *different type* of tort, not a *non*-tort. In *Barnes* a receiver of a failed corporation sued a director for general inattention to his duties. The gist of the legal theory in *Barnes* was negligence on the director's part and did not involve a breach of fiduciary duty. At most, the Court's use of the term "tort" in describing the receiver's legal theory in *Barnes* might, upon cursory review, potentially confuse. When scrutinized, however, it is clear that the Court's intent was simply to emphasize that "negligence" does not comprise the universe of tort claims.[5] It is inaccurate to state that the Delaware Supreme Court held that a breach of fiduciary duty is not a tort. Thus, there is no error in identifying a potential exception to the American Rule governing legal fees from the Restatement of Torts. As with Defendants' equitable tolling argument, however, their request for judgment as to the legal fees issue is premature.

*Summary*

For the foregoing reasons, Defendants' Motion to Reconsider the Order Denying their Motion for Judgment on the Pleadings will be denied.

---

[4] *Barnes v. Andrews*, 298 F. 614 (S.D.N.Y.1924)

[5] Moreover, Defendants' counsel's apparent inattention to the rules of quotation compounds the problem. The quotation in the Defendants' memorandum from the *Cede* opinion contains a single comma after the words "a tort action." Standing alone the comma is grammatically incorrect. Read in context, to wit, as it appears in the opinion, two commas serve to mark off the phrase "a tort action" after the word *Barnes*. The entire passage goes to the type of tort involved in *Barnes* (negligence) rather than constituting a pronouncement that a fiduciary breach claim is not an equitable tort.

An appropriate Order follows.

By the Court:

*Stephen Raslavich* (signature)

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated: <u>April 25, 2017</u>